ANDERSON, Associate Justice.
The appellants filed a bill of complaint in the Circuit Court of Polk County, Florida, against the appellee as City Treasurer and Collector of the City of Lakeland, to determine the legality, equality and validity of taxes levied and assessed against their properties and asking the court to render a decree setting aside the tax or any part of the same that shall appear to be contrary to law, striking that portion of the assessments which are. excessive and. discriminatory, and entering a decree for the correct amount of taxes legally and justly due. The bill alleged that the appellants were owners of certain described real estate upon which the City had levied an ad valorum tax based on specified assessed valuations. These váluations were alleged to be “materially higher in proportion to the actual full cash value” than are the valuations placed by the Tax Assessor on real and personal property generally with-' in the City in proportion to its actual full cash value. The valuations were charged to be arbitrary, discriminatory and unjust.
It was averred that the Tax Assessor systematically and intentionally valued all properties within the City for tax purposes at less than its full cash value. The system was said to be generally without relation to the true cash value and therefore resulted in a complete lack of uniformity and equality in the assessed valuation of property generally in said City and therefore resulted in an arbitrary and unlawful discrimination against appellants in that the “values assessed against their said properties by said City Tax Assessor, for tax purposes, are materially excessive as compared to the values placed for tax purposes, 'by said Assessor, on the properties of other taxpayers in said city of similar character and location, • * * .
The appellants tendered unto court a sum which they deemed to be a fair and reasonable amount for city taxes on their property.
The answer denied the material allegations of the bill and said that the properties were assessed by the city “in proportion of its actual full cash value.” All wilful, deliberate and intentional discrimination on the part of the Assessor was denied. It was further alleged that W. D. Andrews, at the time complained of, was the duly appointed Tax Assessor of the City and that in the performance of his duties he fixed all valuations for tax purposes of the property described in the bill and entered *298 the same upon the assessment roll of the City, and in accordance with law, he determined and fixed valuations without discrimination to the plaintiffs at its full cash value.
When plaintiffs took the deposition of the City Tax Assessor, he testified point blank that he had not assessed the property on the basis of its full cash value, but that he had attempted to take “a happy medium” between the low of 1932 and the high of 1952. When asked if the City Charter did not provide for assessment of full cash value, the Assessor answered that, “the charter did not say what year — present, past or future.”
The Chancellor after hearing the evidence found that the proof submitted failed to show that the action of the Tax Assessor in valuing parcels A, B and C of the plaintiffs’ land for tax purposes was disproportionate to the true cash value of the land in comparison to other property of similar character and to such a degree as to constitute a wilful arbitrary and intentional discrimination against the plaintiffs or their lands, nor such a lack of uniformity in assessed valuation of land of the same kind and similarly situated as to render the assessments void. He denied the relief sought as to parcels A, B and C. He found, however, that as to parcel D the assessed valuation for the property of taxation was excessive and should be reduced by approximately 50 per cent.
The Statute, F.S. § 193.11(1) F.S.A. provides that the Assessor of Taxes must assess all property at its full cash value. The charter of the City of Lakeland is more specific. Ch. 10754, Sec. 86, Sp.Acts, Laws of 1925, is as follows:
“The percentage of taxation herein authorized shall in such cases be upon the valuation of the taxable property in said city, as set forth in the city assessment roll; provided that all taxes shall be uniform upon the same classes of property within the corporate limits of the city, and that all property shall be assessed at its full cash value. The term 'Full Cash Value’ as used herein shall be construed to mean the price at which the property would sell if voluntarily offered for sale by the owner thereof, upon such terms as like property is usually sold not at the price which might be realized if sold at a forced sale.”
This court has previously expressed its full approval of these provisions. In the opinion by Mr. Justice Thomas in the case of Schleman v. Connecticut General Life Ins. Co., 151 Fla. 96, 9 So.2d 197, 200, it was said:
“We have said that the act, Chapter 20722, supra, so far as it pertains to fixation of values by the assessor offers no innovation. It is patent, however, from a study of its comprehensiveness that by it the legislature intended to standardize the tax procedure and make it of a uniform application throughout the state of Florida. We cannot be but impressed by this effort and the command to the assessors to use ‘full cash value’ as a yardstick should be obeyed.
“We have pointed out some circumstances in which, we think, universal overassessment, though equal, would necessarily work a discrimination, namely, those in which were present fixed amounts of exemption. We have demonstrated, too, how a uniform, excessive, valuation would thwart a statutory or constitutional limitation of millage to be levied for particular purposes.
“We are fully aware of the difficulty of fixing with certainty the full cash value of property and the great variance in values set by persons of like experience and judgment, all making estimates conscientiously. Because of this inexactitude considerable leeway should be granted the official whose *299 duty it is to make assessments and because of his position his valuations should not be easily disturbed but in a case like the present one, where the direct charge of overassessment to the extent of nearly three hundred per cent is made, we think an answer such as we have analyzed is insufficient.'
“We conclude that against all situations and circumstances an assessor should endeavor to comply with the rule pronounced by the legislature and that a taxpayer may, where he alleges gross overassessment and substantiates his allegation with proof, prevail without the additional burden of showing discrimination against him.”
In the case of Hillsborough County v. Knight & Wall Co., 153 Fla. 346, 14 So.2d 703, 705, Mr. Justice Thomas again speaking for the court had this to say:
“It was proper for the tax assessor to consider all the circumstances we have detailed. Important among them was the method employed in arriving at the value of each item. It was valued at the cost of replacing it in the market or at the original purchase price, whichever was more advantageous to the merchant. This seems to us a means, as nearly accurate as possible, of fixing its full cash value.
“The scarcity of opinions to guide us is remarkable, not that the subject has seldom been considered but because in most controversies reaching the courts of this country statutes were involved which directed how value should be determined. For instance, we have been referred to a statement in 26 R.C.L., page 366 that ‘the price which the property would bring in the ordinary course of trade, is the normal test’ of appraising merchandise for purposes of taxation.” [Italics added.]
Here we do not have that problem for the reason that the charter of the City of Lakeland, supra, specifically prescribes the yardstick by which full cash value is to be determined.
A careful examination of the record discloses that the plaintiffs failed to sustain the allegations of their bill, except perhaps as to Parcel D. As to this, as pointed out, the Chancellor granted them some relief. They have not made error clearly to appear. Under well-settled rules the decree appealed from accordingly is affirmed.
DREW, C. J., and TERRELL, THOMAS, HOBSON, THORNAL and O’CONNELL, TT., concur.